PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
Brian J. Dunne (CA Bar No. 275689)
bdunne@piercebainbridge.com
Theodore J. Folkman (*Pro Hac Vice* Pending)
tfolkman@piercebainbridge.com
Dwayne D. Sam (*Pro Hac Vice* Pending)
dsam@piercebainbridge.com
355 South Grand Ave., 44th Floor
Los Angeles, California 90071
(213) 246-2411

*Attorneys For Applicants*
ZYXEL COMMUNICATIONS UK LIMITED
and ZYXEL COMMUNICATIONS A/S

FILED

JUL -5 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

BY FAX

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re APPLICATION OF ZYXEL COMMUNICATIONS UK LIMITED and ZYXEL COMMUNICATIONS A/S FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM BROADCOM INC. and BROADCOM CORP. FOR USE IN FOREIGN PROCEEDINGS | CV Civ. A. No. 19 80 175 MISC SVK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION OF ZYXEL COMMUNICATIONS UK LIMITED and ZYXEL COMMUNICATIONS A/S FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM BROADCOM INC. and BROADCOM CORP. FOR USE IN FOREIGN PROCEEDINGS |
|---|---|

## PRELIMINARY STATEMENT

This is an *ex parte* application for an order pursuant to 28 U.S.C. § 1782(a) granting the applicants, ZyXEL Communications UK Limited and ZyXEL Communications A/S, (together, "ZyXEL"), leave to obtain discovery from Broadcom Inc. and Broadcom Corp. (collectively, "Broadcom") for use in foreign proceedings. ZyXEL seeks leave to serve subpoenas on Broadcom for testimony and documents for use in foreign proceeding pending in the United

## EX PARTE APPLICATION

Kingdom. ZyXEL sells and distributes networking devices used to connect people to the internet, including Digital Subscriber Line ("DSL") products. Broadcom, a manufacturer of chipsets used in ZyXEL's DSL products, has evidence highly relevant to the proceedings pending in the United Kingdom. Broadcom resides in this District, and as explained below, all the factors that inform a court's discretion under § 1782, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), favor approval of this application.

## **BACKGROUND**

On July 14, 2017, TQ Delta LLC ("TQ Delta"), a patent holding company, brought a patent infringement action in the High Court of England and Wales against ZyXEL, alleging infringement of EP (UK) 1 792 430 B9 ("the '430 Patent") and EP (UK) 1 453 268 B1 ("the '268 Patent"). (Marfé Decl. ¶ 3.) The '430 and '268 Patents involve aspects of DSL technology, and they were said to relate specifically the International Telecommunication Union ("ITU-T") Recommendations for ADSL2 (G.992.3), ADSL2+ (G992.5) and VDSL2 (G993.2). (Marfé Decl. ¶ 3.) These standards govern how data is transmitted over copper telephone wires to enable the provision of broadband services. (Marfé Decl. ¶ 4.) TQ Delta alleged that the ITU-T Recommendations for the DSL technologies ADSL2, ADSL2+ and VDSL2 could not be practiced without infringement of the '430 and '268 Patents, which, it claimed, are essential to these ITU-T Recommendations. (Marfé Decl. ¶ 5.) The products that use the '430 and '268 Patents are Customer Premises Equipment ("CPE"), e.g., DSL routers in end users' homes, and Central Office ("CO") products, e.g., digital subscriber line access multiplexers (DSLAMs) and line cards. (Marfé Decl. ¶ 5.)

The questions presented in the case involved technical issues of validity and infringement and whether the '430 and '268 Patents were in fact essential to the ITU-T Recommendations, as

EX PARTE APPLICATION

well as non-technical issues relating to the licensing of the TQ Delta Portfolio. (Marfé Decl. ¶ 6.)

On April 26, 2018, TQ Delta provided draft license terms to ZyXEL and sought its agreement to the terms (the "April 2018 Proposal"). (Marfé Decl. ¶ 7.) The draft license listed certain patent families that TQ Delta proposed to license to ZyXEL together with any other patents a court in a competent jurisdiction held to be essential to a "Licensed Standard". TQ Delta alleges that the April 2018 Proposal is a RAND offer. (Marfé Decl. ¶ 7.)

The trial of the technical issues took place in January 2019. (Marfé Decl. ¶ 8.) The English court held that the '430 Patent was invalid, but it found that the '268 Patent was valid and essential to ADSL2, ADSL2+ and VDSL2, and that ZyXEL infringed it. (Marfé Decl. ¶ 8.) The court enjoined further infringement of the '268 Patent. (Marfé Decl. ¶ 8.) The '268 Patent expired on June 25, 2019. (Marfé Decl. ¶ 8.) Non-technical issues related to the licensing of the TQ Delta patent portfolio will be adjudicated at the trial scheduled to take place in England from September 13–27, 2019 (the "RAND trial"). (Marfé Decl. ¶ 8.) Issues of patent essentiality to the ITU-T Recommendations will also be addressed at the RAND trial. (Marfé Decl. ¶ 8.)

On March 14, 2019, TQ Delta brought another infringement claim against ZyXEL concerning two other patents in its portfolio, EP (UK) 2,270,996 ("the '996 Patent"), and EP (UK) 1,433,277 ("the '277 Patent"). (Marfé Decl. ¶ 9.) TQ Delta argues that the '996 Patent is essential to the ADSL2/2+/VDSL2 standards, and the '277 Patent is essential to the G.bond ATM (G.998.1) standard. There is currently no technical trial scheduled, although the non-technical issues in the new proceedings will be determined at the RAND trial in September 2019. (Marfé Decl. ¶ 9.)

EX PARTE APPLICATION

## THE DISCOVERY SOUGHT

Broadcom is a manufacturer of chipsets used in ZyXEL's DSL products and almost certainly has information in its possession, custody, or control that is relevant to TQ Delta's claims of infringement. (Marfé Decl. ¶ 10.)

*First*, Broadcom has already provided ZyXEL with a brief confidential witness statement that shows that Broadcom has a license to a portfolio of DSL patents and patent applications (the "Portfolio") originally owned by Panasonic System Networks Co., Ltd ("Panasonic") under the Patent Cross-License Agreement between Broadcom and Panasonic dated December 19, 2013 (the "Agreement"). (Marfé Decl. ¶ 12.) The terms of the Agreement are likely to be relevant to the licensing issues that are to be determined at the RAND trial. (Marfé Decl. ¶ 13.) However, due to confidentiality obligations within the Agreement, Broadcom cannot disclose the Agreement itself without Panasonic's consent or under certain circumstances involving a court order, discovery request, or subpoena. (Marfé Decl. ¶ 13.) Accordingly, ZyXEL seeks leave to serve a subpoena on Broadcom seeking production of the Agreement, so that it may reference the Agreement in the UK proceedings. (Marfé Decl. ¶ 14.)

*Second*, ZyXEL is seeking deposition testimony from a Broadcom witness (presumably an engineer), which will allow ZyXEL to prove that certain functionality said to infringe one of TQ Delta's patent families was not implemented in the Broadcom chips ZyXEL used in its DSL products. (Marfé Decl. ¶ 15.) The feature relates to a messaging function set out in the ITU-T Recommendations. ZyXEL seeks a deposition from a Broadcom engineer to confirm whether the messaging feature is permanently disabled in Broadcom's Digital Signal Processor (DSP) chips sold to ZyXEL from July 2011–2019. (Marfé Decl. ¶ 16.)

EX PARTE APPLICATION

## ARGUMENT

A party seeking leave to take discovery under 28 U.S.C. § 1782 must make three threshold showings. First, it must show that the person from whom the discovery is to be taken "resides" or is "found" in the judicial district where the application is brought. Second, the discovery must be "for use in a proceeding in a foreign or international tribunal." Third, the applicant must be an "interested person." 28 U.S.C. § 1782(a).

"Once the statutory requirements are met, a district court is free to grant discovery in its discretion." *In re Ex Parte Apple Inc.*, No. 15CV1780, 2015 WL 5838606, at *3 (S.D. Cal. Oct. 7, 2015). In *Intel*, the Supreme Court outlined factors to aid district courts in determining whether to exercise their discretion in granting § 1782 applications: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." 542 U.S. at 264–65. This application easily satisfies all the statutory and discretionary factors.

### A. ZyXEL Satisfies the Statutory Requirements of Section 1782.

ZyXEL's application satisfies each of the threshold statutory requirements of § 1782.

*First*, Broadcom has its principal place of business in San Jose, California. (Marfé Decl. ¶ 11.) Broadcom therefore "resides or is found" in this District.

*Second*, the discovery ZyXEL seeks is for use before a foreign tribunal—the High Court of England and Wales. *See, e.g., In re Koninklijke Philips N.V.*, No. 17-MC-1681-WVG, 2018

WL 620414, at *1 (S.D. Cal. Jan. 30, 2018) (finding that the High Court of Justice of England and Wales is a "foreign tribunal"); *In re Ex Parte Application of Glob. Energy Horizons Corp.*, No. 5:15-MC-80078, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015) (finding the High Court of Justice, Chancery Division in the United Kingdom "undisputedly a 'proceeding before a foreign or international tribunal' under Section 1782(a)"); *In re Google Inc.*, No. 14-MC-80333, 2014 WL 7146994, at *2 (N.D. Cal. Dec. 15, 2014) ("[T]he High Court of Justice constitute[s] [a] foreign tribunal[] for purposes of Section 1782"); *In re Ex Parte Application of Smith*, No. 12CV1930, 2012 WL 12885234, at *2 (S.D. Cal. Oct. 9, 2012).

*Third*, as the defendant in the English proceeding, ZyXEL is an "interested person." *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782").

### B. The Discretionary Factors Weigh in Favor of Granting ZyXEL's Application.

In addition, the discretionary factors identified by the Supreme Court in *Intel* weigh in favor of granting ZyXEL's request for discovery.

*First*, Broadcom is not a participant in the English proceeding. The Supreme Court in *Intel* recognized that when discovery is sought from a participant in a foreign proceeding (unlike Broadcom here), the need for § 1782 aid may not be as apparent as it ordinarily is when discovery is sought from a nonparticipant in the foreign proceeding. 542 U.S. at 264. In contrast, nonparticipants who may be outside the foreign tribunal's jurisdictional reach (like Broadcom here) may have relevant evidence not obtainable by the tribunal without § 1782 aid. *Id.* Because Broadcom is not a participant in the English proceeding, this factor weighs in favor of granting ZyXEL's application. *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 ("Here,

EX PARTE APPLICATION

Respondent is not a party to the foreign proceeding. ... Thus, this factor weighs in favor of granting the Application."); *In re Ex Parte Application of Smith*, 2012 WL 12885234 at *2 (Respondent "is not a participant in the United Kingdom based lawsuit, so this factor weighs in favor of granting the Application").

*Second*, ZyXEL seeks information highly relevant to the English case. English courts are receptive to U.S. discovery that is relevant to cases before them. *See In re Mireskandari*, No. 12-CV-2865, 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012) ("English courts are generally receptive to judicial assistance from the United States"); *In re Google Inc.*, WL 7146994 at *3 (finding second *Intel* factor met where the applicant averred that "the High Court of Justice can be expected to be receptive to the information obtained by [the] request"). At the very least, because there is no evidence suggesting that the English court "would be unreceptive to the discovery" sought by ZyXEL, this factor weighs in favor of granting the application. *See In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 ("When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery."); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery") (quotations omitted).

*Third*, no English discovery restrictions bar ZyXEL's requested discovery. ZyXEL's application is not an attempt to circumvent English proof-gathering restrictions or other policies of England or the United States. *See Intel*, 542 U.S. at 253–54 (holding that § 1782 does not

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EX PARTE APPLICATION

require that the evidence sought be discoverable in the foreign court); *In re Ex Parte Application of Mentor Graphics Corp.*, No. 16-MC-80037, 2017 WL 55875, at *2 (N.D. Cal. Jan. 4, 2017) ("[A] party does not circumvent foreign discovery procedures merely by pursuing material in the United States that would not be discoverable in the foreign proceeding"). Instead, ZyXEL seeks from a nonparticipant to the English proceeding discovery that is relevant to the issues to be determined at the RAND trial. No English rule or policy prohibits the gathering of evidence via § 1782. Indeed, courts routinely grant applications under § 1782 for the types of discovery at issue here for use in English proceedings. *See, e.g., In re Mireskandari*, 2012 WL 12877390 at *3 (granting application under § 1782 for documents for use in a English proceeding and reasoning that the district court is not required to determine whether the documents would be discoverable or admissible in the English proceeding but only whether discovery is appropriate under § 1782); *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 (granting application under § 1782 where the applicant was "unaware of any English rule or policy that prohibits the gathering of the evidence sought.") Accordingly, the third *Intel* factor weighs in favor of granting ZyXEL's application.

*Fourth*, ZyXEL's discovery requests are not unduly burdensome or intrusive. ZyXEL requests discovery on two discrete issues—namely, a license agreement and details concerning functionality related to Broadcom chipsets implemented in specific ZyXEL DSL products. (Marfé Decl. ¶¶ 14–15.) The document request is narrowly tailored—it seeks only a single document or set of documents—and seeks to obtain information that is directly relevant to the essentiality issues before the English court. *Id.*; *see In re Google Inc.*, WL 7146994 at *3 (granting § 1782 application where applicant "at least plausibly alleged" that the discovery sought is relevant to the English proceeding and not unduly burdensome).

EX PARTE APPLICATION

Moreover, to the extent the evidence sought by the discovery requests contains confidential or sensitive information, ZyXEL would be willing to stipulate to this Court's model protective order for patent cases. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *6 (finding the fourth *Intel* factor met despite information sought likely containing sensitive information and noting a willingness to "consider proposed protective orders to prevent the misuse of" the information). Thus, the fourth *Intel* factor weighs in favor of granting ZyXEL's application.

## **CONCLUSION**

For the foregoing reasons, ZyXEL respectfully requests that the Court enter an order pursuant to 28 U.S.C. § 1782(a) authorizing ZyXEL to serve on Broadcom the subpoenas attached as Exhibits 2 and 3 in the Notice of Application.

Dated: July 3, 2019

Respectfully submitted,

ZyXEL Communications UK Limited and
ZyXEL Communications A/S.

By their attorneys:

/s/ Brian J. Dunne
Brian J. Dunne (CA Bar No. 275689)
PIERCE BAINBRIDGE BECK PRICE &
HECHT, LLP
355 S. Grand Ave., 44th Floor
Los Angeles, CA 90071
(213) 246-2411
bdunne@piercebainbridge.com

Theodore J. Folkman (*pro hac vice* pending)
PIERCE BAINBRIDGE BECK PRICE &
HECHT, LLP
One Liberty Square
Boston, MA 02109

EX PARTE APPLICATION

(617) 313-7401
tfolkman@piercebainbridge.com

Dwayne D. Sam (*pro hac vice* pending)
PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP
601 Pennsylvania Ave., NW
South Tower, Suite 700
Washington, DC 20004
(202) 843-8342
dsam@piercebainbridge.com